☐ ORIGINAL

LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351
Shapiro.lara@gmail.com

Attorney for Plaintiff,
For a Chavez, aka Flora Marquez

FILED
AUG 12 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LB
CV 11 3985

Flora Chavez, aka Flora Marquez,

Plaintiff,

vs.

Diversified Collection Services, Inc.; and DOES 1-10, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**
**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**

**JURY TRIAL DEMANDED**

For this Complaint, the Plaintiff, Flora Chavez aka Flora Marquez, by undersigned counsel, states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Flora Chavez, an individual consumer, against Defendant, Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

COMPLAINT FOR DAMAGES

1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

3. Plaintiff, Flora Chavez, is a natural person with a permanent residence in Santa Fe, Santa Fe County, New Mexico 87507.

4. Upon information and belief the Defendant, Defendant, Diversified Collection Services, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in or before November of 2010.

7. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did attempt to contact Plaintiff at her place of work during working hours after being informed that the Plaintiff's employer prohibits the Plaintiff from receiving such communications.

9. The natural consequence of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

10. The natural consequence of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequence of Defendant's actions was to cause Plaintiff mental distress.

COMPLAINT FOR DAMAGES

## **_PRAYER FOR RELIEF_**

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to Plaintiff; and

    (b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at Plaintiff's place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Flora Chavez, for declaratory judgment that Defendant's

conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, DIVERSIFIED COLLECTION SERVICES, INC., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Flora Chavez, demands trial by jury in this action.

[SIGNATURE AFFIXED ON FOLLOWING PAGE]

| | | |
|---|---|---|
| 1 | DATED: August 11, 2011 | LARA SHAPIRO |
| 2 | | |
| 3 | | By: _Lara Shapiro /np_ |
| 4 | | Lara R. Shapiro |
| 5 | | Attorney for Plaintiff |
| 6 | | Flora Chavez aka Flora Marquez |

COMPLAINT FOR DAMAGES

5